IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID WADE, NO. 505226,<br>　　　Plaintiff,<br><br>v.<br><br>DALLAS MORNING NEWS CO.,<br>　　　Defendant. | §<br>§<br>§<br>§ No. 3:05-CV-0629-B<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil complaint brought by a state prisoner.

Parties: Plaintiff is currently residing at the Michaels Unit in Tennessee Colony, TX. Defendant is the provider of the Dallas Morning News. The court has not issued process in this case.

Statement of Case: David Wade ("Wade" or "Plaintiff") alleges that he mailed $500.00 in January 2005 to the Dallas Morning News Company for a two year subscription to the Dallas Morning News. He further alleges that he has not received copies of said newspaper. Plaintiff seeks damages in the amount of $500.00 or, in the alternative, that felony theft charges be brought against Defendant.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915, which imposes a screening

1

responsibility on the district court.  Section 1915 reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ...
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted. § 1915(e).[1]
> Section 1915(e)(2)(B) provides for *sua sponte* dismissal if the Court finds that the

complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

Plaintiff's complaint does not allege a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Therefore, the only basis for federal jurisdiction is pursuant to diversity of citizenship.  *See* 28 U.S.C. § 1332.  However, in the present action the parties are not diverse nor is the minimum amount in controversy requirement met.  As there is no basis for federal jurisdiction, this action must be dismissed.

Plaintiff seeks to have Defendant charged with felony theft.  However, "a private party may not enforce criminal statutes through a civil action." *Mass v. McDonald's Corp*., 2004 WL

---

[1] Although Wade is currently incarcerated, he does not seek to bring suit against a governmental agency, therefore 28 U.S.C. § 1915A is inapplicable. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.  1999)("A prisoner's complaint against a governmental entity or an officer or employee of a governmental entity may be dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). Dismissal of an IFP complaint on similar grounds is likewise authorized by 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).")

2624255 *5 (N.D. Tex. Nov. 12, 2004), citing *Ruston v. Bush*, 2002 WL 108414 *3 (N.D. Tex. Dec.20, 2001), quoting *Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex.1999). Plaintiff's complaint is frivolous and should be dismissed..

**RECOMMENDATION**

It is therefore recommended that all Plaintiff's civil claims be dismissed without prejudice and that Plaintiff's criminal claims be dismissed with prejudice.

A copy of this recommendation shall be mailed to Plaintiff.

SIGNED this 11th day of May, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.